IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

GILBERT R. RAYNOR,
        Plaintiff,

v.                                                                          Civil No. 3:24cv781 (DJN)

THE UNITED STATES, *et al.*,
        Defendants.

**MEMORANDUM OPINION**

Gilbert Raynor filed this 42 U.S.C. § 1983 action while incarcerated and is proceeding

*pro se* and *in forma pauperis*. This matter comes before the Court upon Raynor's filing of a

Second Particularized Complaint (ECF No. 30) and for evaluation pursuant to 28 U.S.C.

§§ 1915A and 1915(e)(2). As discussed below, Raynor's claims, and the action as a whole, will

be dismissed as frivolous.[1]

## I.    PRELIMINARY REVIEW

Pursuant to the Prison Litigation Reform Act ("PLRA"), this Court must dismiss any

action filed by a prisoner if the Court determines that the action (1) "is frivolous or malicious" or

(2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915A; *see* 28 U.S.C.

§ 1915(e)(2). An action is frivolous if it is based upon "an indisputably meritless legal theory,"

or claims where the "factual contentions are clearly baseless." *Clay v. Yates*, 809 F. Supp. 417,

427 (E.D. Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). This latter

category encompasses "allegations that are fanciful, fantastic, and delusional. As those words

suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level

---

[1]    The Court employs the pagination assigned by the CM/ECF docketing system and corrects the spelling, capitalization and grammar from Raynor's submissions.

of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992) (internal citations and quotation marks omitted). To be clear, the Court may not dismiss an *in forma pauperis* action as frivolous simply because it finds a plaintiff's allegations unlikely; however, it is armed with the power to "pierce the veil of the complaint's factual allegations" when, in its discretion, it determines that those allegations "rise to the level of the irrational or wholly incredible." *Id.* (quoting *Neitzke*, 490 U.S. at 325).

The second ground for dismissal — a complaint's failure to state a claim — is governed by the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). "A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, the Court takes a plaintiff's well-pleaded allegations as true and views the complaint in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (citation omitted). Plaintiffs cannot

2

satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," rather than merely "conceivable." *Id* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002) and *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978), it will not act as the inmate's advocate and develop, *sua sponte*, statutory and constitutional claims that the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring) (indicating an unwillingness to "require[e] district courts to assume the role of advocate for a *pro se* plaintiff" by addressing unraised issues); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II.    THE COURT'S PRIOR MEMORANDUM ORDERS

Raynor filed his original Complaint on October 28, 2024. (ECF No. 1 at 11.) Observing that the pleading was defective in numerous ways, the Court on February 20, 2025 directed Raynor to file a particularized complaint. (ECF No. 17.) The Court explained to Raynor that any future complaint must adhere to certain rules. It stated, in pertinent part:

Accordingly, Plaintiff is DIRECTED, within thirty (30) days of the date of entry hereof, to particularize his Complaint in conformance with the following directions and in the order set forth below:

    a.    At the very top of the particularized pleading, Plaintiff is directed to place the following caption in all capital letters "PARTICULARIZED COMPLAINT FOR CIVIL ACTION NUMBER 3:24CV781"

    b.    The first paragraph of the particularized pleading must contain a list of defendants. Thereafter, in the body of the particularized complaint, Plaintiff must set forth legibly, in separately numbered paragraphs, a short statement of the facts giving rise to his claims for relief. Thereafter, in separately captioned sections, Plaintiff must clearly identify each civil right violated. Under each section, the Plaintiff must list each defendant purportedly liable under that legal theory and explain why he believes each defendant is liable to him. Such explanation should reference the specific numbered factual paragraphs in the body of the particularized complaint that support that assertion. Plaintiff shall also include a prayer for relief.

    c.    The particularized pleading will supplant the prior complaints. The particularized pleading must stand or fall of its own accord. Plaintiff may not reference statements in the prior complaints.

**FAILURE TO COMPLY WITH THE FOREGOING DIRECTIONS WILL RESULT IN DISMISSAL OF THE ACTION.** *See* Fed. R. Civ. P. 41(b).

(*Id.* at 2.)

On March 10, 2025, the Court received Raynor's Particularized Complaint. (ECF No. 19.) Despite the Court's clear instructions as to the form and contents of any amended complaint, the Particularized Complaint was deficient. The pleading complied with the Court's directions to the extent that it began with a caption containing this matter's assigned case number as described above, but otherwise failed to comply. The vast majority of the pleading consists of unbroken walls of text, not "numbered paragraphs" containing "a short statement of the facts giving rise to [Raynor's] claims for relief." (*See* ECF No. 19 at 1–5.) The Court offered Raynor

another opportunity to particularize and amend his complaint, providing him the same instructions as in its February 20, 2025 Memorandum Order. (ECF No. 25 at 1–2.)

On September 22, 2025, the Court received Raynor's Second Particularized Complaint. (ECF No. 30 ("SPC").)

### III.    THE SPC AND RAYNOR'S RECENT MOTIONS

### A.    The SPC

As with his Particularized Complaint, Raynor's SPC does not abide by the Court's directives. Most obviously, the pleading once more fails to organize its allegations using numbered paragraphs. Furthermore, the majority of the SPC's allegations are delusional and conspiratorial in nature. Interspliced with fleeting allegations regarding an arrest and legal proceedings in the Virginia state court system, (ECF No. 1 at 2–3, 7),[2] Raynor describes a conspiracy perpetrated by shadowy actors — and enabled by state and federal law enforcement officials — to interrupt his mental processes and cause him some form of psychic harm. (ECF No. 30 at 2–8.) The Court includes the following sample of the SPC's allegations, which is emblematic of the filing as a whole:

- "[I]n October of 2024, I walked in to the Suffolk Police Department . . . [t]o file a complaint . . . for failure to uphold my equal protection against the conflict of an unauthorized electromagnetic modified signal, being used to torment, torture by 18 U.S.C. [§] 2340a, conduct un-consented human research . . . against psychic phenomena my person experiences in life, or due to talent, being able to prove the boundary of what's considered science and religion, you're born on a planet that has a sound outside of the atmosphere . . . ."

- "[T]he probation officer [violated] . . . my liberties, being my freedom from torture, or degrading treatments . . . by use of an electromagnetic signal to conduct wireless research on a Psychic Astral projectionist . . . ."

---

[2]    It appears that Raynor is no longer in custody, given that his mail has been sent from a private address in Virginia Beach rather than a correctional institution or mental health treatment facility. (*See, e.g.,* ECF No. 44-1.)

- "I did travel to New York to try and get answers from the United Nations, because as I stated in the complaint when I spoke with some person, . . . I spoke through 'psychism,' it should be reflected that it is a fluid part of my everyday . . . ."

- "One or more of the Parties against my person Acquired a Natural mindwipe effect, but since the times of relocating after release from one form of seizure of my person, . . . One of the parties, used at my guess a similar simulation of said natural effect just when a mass scale of the Earth within the milkyways inhabitants 'Clairvoyance' or 'Natural Brain wave' . . . ."

- "How are My Equal Protections not enough?  Any Person, Could At some point hear that electromagnetic signal and the vocals around my person, due to the, Identification of "psychism" in the form in which it has been, and then with all of Earth's Clairvoyance exposed as such, I do make Police Tips, the parties against my person, have used the Explained equipment on a level of Hearing all the Minds Can hear, and Broadcasted That I did such Things, how is that not an attempt to endanger my person the public eye?"

- "I fault Joseph Biden, I fault the whole Administration, due to the conflict occurring during his administrative office and being in continuous action.  I fault Donald Trump and the administration for it being six (6) months of his Administration and the conflict continued."

(ECF No. 1 at 1–7.)

**B.    Raynor's Recent Motions**

Since filing the SPC, Raynor has submitted a raft of motions requesting a variety of forms of relief.  Some of these motions are routine and of the sort commonly filed in *pro se* civil suits.  For example, Raynor filed requests for preservation of evidence and other documents (ECF Nos. 31, 47), two Motions to Appoint Counsel (ECF Nos. 32, 34), and a Request for Admissions (ECF No. 38).

Other motions, however, hew more closely to the SPC's conspiratorial allegations.  Raynor has filed two motions requesting an "Immediate Evidentiary Hearing to Demonstrate Real-Time Neural Battery and Audible Simulation." (ECF Nos. 36, 45.)  In these latter filings, Raynor requests "the presence of a court-appointed technician to scan for electromagnetic

6

interference that matches the definitions in the 'Nevada Electronic Torture Act'" and suggests that he intends to "[s]how how the Plaintiff's neural network interacts with the environment," a showing he argues will "provide the 'Objective Legal Evidence' required to move this case from the 'Particularization' phase to a final 'Judgment.'" (ECF No. 36 at 1; ECF No. 45 at 1.)

Raynor has also filed a document entitled: "Notice of Supplemental Authority: The Mind Act of 2025." (ECF No. 40.) In this submission, Raynor purports to furnish the Court with information regarding "Neural Data Breach and Forced Neuro-Stimulation." (*Id.* at 2.)

## IV.    ANALYSIS

The Court need not engage in an extended discussion of Raynor's theories for relief or pending motions. *See Cochran v. Morris*, 73 F.3d 1310, 1315 (4th Cir. 1996) (emphasizing that "abbreviated treatment" is consistent with Congress's vision for the disposition of frivolous or "insubstantial claims" (citing *Neitzke v. Williams*, 490 U.S. 319, 324 (1989))). Indeed, the SPC's allegations regarding torture through the use of electromagnetic signals, astral projection, Earth's clairvoyance, telepathy and psychism are, without a doubt, "fanciful, fantastic, and delusional" and "rise to the level of the irrational or the wholly incredible." *Denton*, 504 U.S. at 33.

Courts addressing complaints containing analogous claims and allegations have summarily dismissed those pleadings. *See, e.g., Manzo-Hernandex v. Clarke*, No. 7:23-cv-00414, 2023 WL 8039806, at *1–2 (W.D. Va. Nov. 2023) (finding claims that Virginia Department of Corrections officials had been "using the satellite x-ray view cameras, and satellite to shoot [the plaintiff] with very dangerous and deadliest high sophisticated, ultraviolet and crystal bright looking color of electromagnetic radiation waves of mind reading telepath" were "not believable" and dismissing those claims); *Hecker v. Central Intelligence Agency*, No. 21-CV-2701, 2022 WL 196281, at *5 (E.D. Penn. Jan. 20, 2022) ("Federal courts routinely

7

dismiss allegations that . . . governmental agencies are targeting individual citizens with the intention to track, surveil, monitor, attack, or torture these individuals with directed energy weapons, microwave radiation, satellite technology, and the like as factually frivolous under § 1915, finding that these allegations are fanciful, fantastic, delusional, irrational, or wholly incredible.") (collecting cases).

As stated above, lurking among Raynor's more outlandish allegations are apparent claims that local law enforcement officials and judges mishandled his arrest and legal proceedings. (*See* ECF No. 1 at 2–3, 7.) But the Court is unable to extricate those claims from Raynor's fantastical allegations regarding mind control and astral projection. (*See, e.g., id.* at 3 ("[H]ow is she supporting the constitution if she didn't uphold my equal protection, my liberties, being [ ] free[] from torture, or degrading treatments, being my 4th amendment being violated openly by use of an electromagnetic signal to conduct wireless research on a Psychic Astral projectionist.").) The Court therefore dismisses those claims as well. *See Banks v. Scott*, No. 3:13CV363, 2014 WL 5430987, at *5 (E.D. Va. Oct. 24, 2014) (dismissing frivolous complaint that arguably contained "[some] allegations [that were] marginally less 'fantastic or delusional'" than others, concluding that its review of the complaint was "'a context-specific task that requires the [ ] court to draw on its judicial experience and common sense'" (quoting *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009))).

## IV.    CONCLUSION

For the foregoing reasons, the action will be DISMISSED as frivolous.  Raynor's various motions will be DENIED as moot.  The Clerk will be DIRECTED to note the disposition of the action for purposes of 28 U.S.C. § 1915(g).

Let the Clerk file a copy of this Memorandum Opinion electronically and send a copy to Raynor.

An appropriate Order shall issue.

_____/s/_____
David J. Novak
United States District Judge

Richmond, Virginia
Dated: May 8, 2026