IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

GILBERT R. RAYNOR,
        Plaintiff,

v.                                                              Civil No. 3:24cv781 (DJN)

THE UNITED STATES, *et al.*,
        Defendants.

## MEMORANDUM OPINION

Gilbert Raynor, proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action while incarcerated. By Memorandum Opinion and Order entered on May 8, 2026, the Court dismissed the action as frivolous. (ECF Nos. 49, 50.) This matter comes before the Court on Raynor's "Response in Opposition to Memorandum Opinion and Order of Dismissal." ("Rule 59(e) Motion," ECF No. 56.) Although Raynor does not style the submission as having been filed under Federal Rule of Civil Procedure 59(e), the Court construes it as such, given this action's recent dismissal and Raynor's request that the Court nevertheless "allow the action to proceed to a hearing on the merits." (*Id.* at 7.) *See MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 277–78 (4th Cir. 2008) (stating that filings made within twenty-eight days after the entry of judgment are construed as Rule 59(e) motions (citing *Dove v. CODESCO*, 569 F.2d 807, 809 (4th Cir. 1978))).

"[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citation omitted) (internal quotation marks omitted). The United States Court of Appeals for the Fourth Circuit recognizes three grounds for relief under Rule 59(e): "(1) to accommodate an

intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing *Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991); *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)). Although Raynor does not explicitly identify Rule 59(e) or state that he seeks relief under the third ground just stated, the Court construes him to assert that it should grant relief to prevent a clear error of law or prevent manifest injustice.

Specifically, Raynor contests the Court's finding that his Complaint was frivolous, arguing that he has been the victim of "crimes of physics," (ECF No. 56 at 1), and identifying a host of dubious evidence that he asserts supports his claims regarding astral projection, mind control, brain waves, acoustic weapons and more. (*See id.* at 5 (identifying "Legislative Recognition of Neural Data Vulnerability" and United States patents that Raynor suggests support his claims).) But Raynor merely rehashes arguments that he has already made and that the Court has already considered and rejected. Nor has Raynor cited any binding precedent that demonstrates that the Court made a clear error of law. Accordingly, the Rule 59(e) Motion (ECF No. 56) will be DENIED.

An appropriate Order will accompany this Memorandum Opinion.

Let the Clerk file a copy of the Memorandum Opinion electronically and send a copy to Raynor.

/s/

David J. Novak
United States District Judge

Richmond, Virginia
Date: May 29, 2026

2